# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DJUAN PRESTON WILLIAMS,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 20-1179-JWB-GEB |
| **KIOWA COUNTY, OKLAHOMA, COURTHOUSE OFFICIALS, et al.** | ) ) ) ) |
| **Defendants.** | ) ) ) |

## ORDER
and
## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3, *sealed*) and his Motion to Appoint Counsel (ECF No. 4). For the reasons set forth below, the undersigned Magistrate Judge **DENIES** the Motion to Appoint Counsel and recommends the motion to proceed *in forma pauperis* (**ECF No. 3**) be **DENIED** and this case be dismissed.

## I.     Background

### A. Underlying Oklahoma Actions

Plaintiff Djuan Preston Williams brings this case in the District of Kansas against certain Oklahoma officials and individuals, stemming from earlier cases in that state. In 2016, Plaintiff pled guilty to one count of felony distribution of a controlled dangerous substance in the District Court of the Third Judicial District of the State of Oklahoma Sitting in and for Kiowa County, Case No. CF-2015-106. On July 12, 2016 he was

sentenced to a term of 10 years, all suspended but 310 days, with credit for time served in the Kiowa County Jail.

Plaintiff later filed suit in the United States District Court for the Western District of Oklahoma, Case No. CIV-18-139, against the State of Oklahoma; Kiowa County, Oklahoma officials; and others for claims related to his arrest, prosecution, and incarceration in Kiowa County. Following the dismissal of all claims, the case was appealed to the Tenth Circuit Court of Appeals, Case No. 20-6059. Plaintiff's Motions for Leave to Proceed *in forma pauperis* were granted in W.D. Oklahoma and the Tenth Circuit.

The following chart illustrates the named Defendants, relief sought, and the status of Plaintiff's Oklahoma federal case:

| Case No. | Defendants | Claims/Relief Sought | Status of Case |
|---|---|---|---|
| CIV-18-139 | State of Oklahoma; Kiowa County Courthouse Officials Norm Russell (Judge), Rick Marsh, & Chris Sanders; Kiowa County Sheriffs Officials Bill Lancaster, Brynn Barnett, Derek Earls, & Misty Norris; Oklahoma Indigent Defense System Personnel Jim Hines, Jeffrey Wolfenbarger, Terry Tyler; Goza, Chatman & Washington Attorney, Grant Shepard; | Conspiracy, false arrest, malicious prosecution, intentional infliction of emotional distress, racial profiling/discrimination, ineffective assistance of counsel, and other claims. Sought exoneration for conviction in CF-2015-106, compensatory damages (reimbursement of jail fees), and punitive damages in the amount of $3,000,000. | Case dismissed. All defendants' motions to dismiss granted. Case currently on appeal to the 10th Circuit Court of Appeals (20-6059). |

2

|  | Hobart Police Department Officer Willie Shaw; City of Hobart, Oklahoma; Kiowa County, Oklahoma; & Oklahoma State Bureau of Investigation |  |  |
|---|---|---|---|

### B. Current case in the District of Kansas

In the instant action, in addition to suing the Kiowa County, Oklahoma Courthouse Officials and the State of Oklahoma, who were Defendants in the W.D. Oklahoma case, Plaintiff also sues their counsel in the Oklahoma federal cases, as illustrated here:

| **Current Defendant** | **Clients in W.D. Oklahoma Case and Tenth Circuit Appeal** |
|---|---|
| Stephanie E. Lawson | Norm Russell, Rick March, & the State of Oklahoma |
| Justin Ashlock | Cris Sanders, Brynn Barnett, & Derek Earls |
| Kari Y. Hawkins | Jim Hines & Terry Tyler |
| Kenny Goza | Grant Sheperd |
| Timothy J. Prentice | Willie Shaw & the City of Hobart, Oklahoma |
| Jon M. Wiliford | Oklahoma State Bureau of Investigation |

In his Statement of Claim, Plaintiff alleges he is entitled to "all relief…for retaliation per CIV Docket for Case No. 5:18-cv-00139 SLP filed 08/22/18, #15 pg. 4 of 7 [his Additional Response of Plaintiff's Motion Opposing Defendants Motion for Dismissal and Brief in Support], and Motion to Revoke [Suspended Sentence] filed 09/13/18 in CF-2015-106…" (ECF 1 at p. 3). He seeks "all relief" set out in his supporting documents and "immediate exoneration and expungement of Plaintiff's record" (ECF 1 at p. 4). Plaintiff seeks $78,010,500 "total damages for cases referenced in documents submitted," including "$250,000 immediate access for hardship purposes for relocation of Plaintiff…" (ECF 1 at

3

p. 4). In short, Plaintiff primarily seeks to relitigate his criminal prosecution in the Kiowa County, Oklahoma case and his ensuing suit in W.D. Oklahoma, all while pursuing his appeal in the Tenth Circuit.

### C. Other Claims Cited by Plaintiff

In addition to the above cases, in the Exhibits in Support of Complaint, Plaintiff references additional cases and claims, but sets forth no allegations regarding how these cases or claims are related to the Defendants in this case. For example, Plaintiff refers to a W.D. Oklahoma case in which he sued the HR Director of his former employer and the Union President, in their individual and official capacities for workplace discrimination.[1] That case was tried to a jury and appealed. Judgment was entered in favor of the defendants and the judgment was affirmed. Most notable to this case is that following the appeal, Plaintiff filed a motion in W. D. Oklahoma seeking relief related to Case No. 18-139, but his motion was denied.[2] Defendant's Motions for Leave to Proceed *in forma pauperis* were granted in both the underlying case and appeal.

In addition to the above claim, Plaintiff identifies yet another EEOC claim in his supporting papers.[3] Plaintiff does not identify the employer involved in this claim, nor address whether a Right to Sue letter has yet been issued.

---

[1] *Williams v SFK Sealing Solutions of Hobart, Inc.*, et al., Case No. CIV-16-112 (EEOC Charge Nos. 564-2015-01043 and 846-2015-27699).
[2] *Id*. at ECF 106.
[3] Oklahoma Employment Security Commission, Claim Identification Number – 216771404, Internal Ticket Number – INT002414297; EEOC Inquiry Number – 563-2020-02154; EEOC Number – 564-2020-00558.

On January 2, 2020 Plaintiff filed another civil case in W.D. Oklahoma. He sued Great Plains Food Company Inc. and Sunny's Deli #3, making racial discrimination and other employment claims.[4] Plaintiff again filed a Motion for Leave to Proceed *in forma pauperis*, which was granted. Following an Order to Show Cause for failure to serve the defendants therein, the action was dismissed without prejudice and Judgment of Dismissal was entered on May 19, 2020.[5]

### D. Related Case in District of Kansas

In addition to his litigation in Oklahoma, and the filing of the instant action, Plaintiff filed a related case, No. 20-cv-1224-JWB-GEB on August 16, 2020. In that case, Plaintiff sues the State of Oklahoma; Oklahoma Employment Security Commission; Ronald Masson, Account Executive Prime Media Production; Bill Wieland, General Manager Sonic Drive-in; Amy Flores; Galen H. Pelton, Kay Richards, Kiowa County, Oklahoma Court Clerk; Martin Long; and Grant County, Kansas alleging "[f]rom 05/21/2020 to present date Defendant(s) engaged in unethical corrupt behavior to disrupt the lives and livelihood of the Plaintiffs,[6] w/Employment Discrimination, Religious Discrimination, Title VII of Civil Rights of 1964, including violation of the Fair Credit Reporting Act" (ECF 1 at p. 4). Based upon the documents attached to the Complaint, this case is related

---

[4] Williams v. Great Plains Food Company Inc., et al., Case No. 20-cv-00002 (EEOC Inquiry No. 564-2019-01492).
[5] *Id.* at ECF 8.
[6] The caption of the Civil Complaint names two Plaintiffs, Djuan Preston Williams and Tonia Rene Aguirre, however, Ms. Aguirre was not added as a Plaintiff to the action as she did not sign the Civil Complaint.

to two August 2020 criminal trespass warning notices in Ulysses, Kansas[7]; another criminal action involving Plaintiff in Okmulgee, Oklahoma[8]; the divorce of Ms. Aguirre pending in Grant County, Kansas[9], and again W.D. Oklahoma, Case No. 18-139.[10] In the related case, Plaintiff also seeks leave to file without prepayment of the filing fee, among other forms of relief.

## II.    Recommendation of Denial of *In Forma Pauperis* Status

Proceeding *in forma pauperis* in a civil case is a privilege, not a right.[11] Pursuant to 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution, or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[12] In civil cases for damages, "courts should grant the privilege 'sparingly,'"[13] but when considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds.[14] The court, typically, compares an applicant's monthly income to his or her monthly expenses to determine whether the

---

[7] *Williams v. Oklahoma*, et al., Case No. 20-cv-1224-JWB-GEB, ECF 1-1 at p. 3-4, (filed Aug. 16, 2020).
[8] *Oklahoma v. Williams*, Case No. CF-1999-11A, Okmulgee County, Oklahoma. *See Williams v. Oklahoma*, No. 20-1224-JWB-GEB, ECF No. 1-1 at p. 5.
[9] *Williams v. Oklahoma*, et al., Case No. 20-cv-1224-JWB-GEB, ECF 1-1 at p. 13-21.
[10] *Id*. ECF No. 1-1 at p. 6-12.
[11] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (emphasis added) (citing *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998).
[12] *Id*. (citing 28 U.S.C. § 1915(a)(1)).
[13] *Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (citing *Buggs v. Riverside Hosp.,* No. 97–1088–WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997)).
[14] *Baldwin*, 2007 WL 1652145, at *1 (citing *Buggs*, 1997 WL 321289, at *1.

applicant lacks the financial ability to pay.[15] But the decision whether to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court.[16]

Plaintiff's financial affidavit indicates he is currently employed, and his take home pay exceeds his household expenses by one-third. He has previously been granted the ability to proceed without payment of the filing fee in three cases in W.D. Oklahoma and two appeals in the Tenth Circuit (*supra*, Section I).

Although he has been previously granted the privilege of filing without payment of fees, that does not permit him to engage in repetitive, meritless litigation.[17] Plaintiff was not victorious in any of the three cases he filed in W.D. Oklahoma. He lost on one appeal before the Tenth Circuit and the other case is still pending. Here, it appears Plaintiff wishes to relitigate many of the issues previously brought in those cases (*supra*, Section I). These filings "compromise the interests of justice when the court is forced to devote its limited resources to the processing of repetitious and frivolous requests."[18]

---

[15] *See Patillo*, 2002 WL 1162684, at *1 (comparing the plaintiffs' monthly household income to their monthly expenses) (citing *Buggs*, 1997 WL 321289, at *8).

[16] *Baldwin*, 2007 WL 1652145, at *1; *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[17] *See Perry v. Pringle*, No. 13-1436-MLB-KMH, 2014 WL 129391, at *3 (D. Kan. Jan. 14, 2014) (U.S. Magistrate Judge recommended denial of plaintiff's *in forma pauperis* request, which was adopted by the District Judge) (citing *Webb v. Vratil,* 12–2588–EFM, Doc. 8, at 2 (citing *McWilliams v. State of Colo.,* 121 F.2d 573, 574 (10th Cir.1997)).

[18] *Perry*, 2014 WL 129391, at *3 (citing *Blaylock v. Tinner*, 2013 WL 1491207, at *4 (D. Kan. April 11, 2013) (citing *Sieverding v. Colorado Bar Ass'n*., 469 F.3d 1340, 1343 (10th Cir.2006) (internal citations omitted)).

However, the magistrate judge does not have the authority under 28 U.S.C. § 636 to deny Plaintiff's motion to proceed without payment of fees.[19] Thus, the undersigned magistrate judge **RECOMMENDS** the motion to proceed without prepayment of fees (**ECF No. 3**, *sealed*) be denied, pending review of the recommendation of dismissal herein.

## III.  Recommendation of Dismissal

### A.  Legal Standards

When reviewing an *in forma pauperis* application under 28 U.S.C. § 1915, dismissal of the case is required if the court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[20] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[21]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[22] Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[23] "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[24]

---

[19] *See Lister,* 408 F.3d at 1312 (finding the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).
[20] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[21] *Harris v. Campell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).
[22] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[23] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[24] *Kay,* 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).

Plaintiff proceeds pro se, thus his pleadings must be liberally construed.[25] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[26] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[27]  Fed. R. Civ. P. 8 "demands more than naked assertions."[28]

The Court must ascertain whether Plaintiff's claims provide the Defendants with sufficient notice of his claims such that the Defendants could prepare an appropriate answer.[29] Under Rule 8(a), a complaint must contain three minimal pieces of information: (1) the pleading should contain a short and plain statement of the claim showing that Plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the Court's jurisdiction; and (3) a statement of the relief requested. If any of these requirements is absent, even after affording liberal construction to Plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[30] Mere "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[31]

---

[25] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[26] *Id*.
[27] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[28] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[29] *See Snider v. Burton*, No. 15-1043-JTM-KGG, 2015 WL 1442096, at *1 (D. Kan. Mar. 30, 2015) (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)) (adopting report and recommendation).
[30] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).
[31] *Id*. (quoting *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

**B.     Discussion**

Upon review of the Complaint in this matter, this Court finds it, on its face, does not state a plausible claim or comply with the pleading requirements of Rule 8. Plaintiff generally claims his civil rights were violated, however, he gives no details about how the alleged violations occurred or whose action caused the alleged violations. The Court has thoroughly reviewed Plaintiff's Complaint, along with his Motion to Proceed In Forma Pauperis (ECF Nos. 1, 3). Nothing the Court reviewed makes this case appear anything but an attempt to overturn or otherwise affect the ongoing proceedings in the federal courts in Oklahoma.

Plaintiff brings this suit against Kiowa County, Oklahoma Courthouse Officials but does not identify any one by name. Presumably they are the same officials whom he sued in the United States District Court for the Western District of Oklahoma, Case No. CIV-18-139. Additionally, he sues the State of Oklahoma. Those claims will be heard in Plaintiff's appeal currently pending before the Tenth Circuit Court of Appeals (No. 20-6059) (*supra*, Section I). The same is true for any claims against the State of Oklahoma.

Additionally, with regard to the six individual defendants who are attorneys who represented the parties in Case No. CIV-18-139 and currently represent them in Appeal No. 20-6059 (*supra*, Section I), there are simply not enough facts to support any plausible claim against these Defendants. Beyond filing motions to dismiss in Case No. CIV-18-139, which were granted, there is no allegation of retaliation or discrimination against any of these individual Defendants. The absence of facts outlining what Defendants did to harm

him makes it impossible for Defendants to have fair notice of what is being alleged against them.[32]

Rule 8 does not require Plaintiff to state precisely each element of his claim or describe every fact with specific detail, but it does require him to set forth sufficient factual allegations on which a recognized legal claim could be based.[33] Labels or allegations of conclusions are insufficient when no facts are alleged.[34]

In conclusion, the absence of facts to plausibly support his claim makes it impossible for Defendants to have fair notice of what is being alleged against them.[35]  The Court, as it is required to do, has construed Plaintiff's pleadings liberally;[36] however, Plaintiff's Complaint still fails to allege facts supporting a cognizable claim. Therefore, the Court **RECOMMENDS** dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[37]

---

[32] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).
[33] *Henderson*, 1997 WL 723432, at *2; *Hall*, 935 F.2d at 1110.
[34] *Id.*; *Singleton*, 2016 WL 11397820, at *2.
[35] *Weaver*, 1995 WL 783628, at *7, *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).
[36] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).
[37] *See, e.g., El-Sattam v. Minnenger*, No. 95-4180-SAC, 1995 WL 783206 (D. Kan. Nov. 16, 1995) (dismissing complaint under Rule 8 for failure to allege facts supporting a recognized claim for relief); *Ferris v. Fed. Law*, No. 97-4239-SAC, 1997 WL 833299 (D. Kan. Dec. 18, 1997) (same); *see also Weaver,* 1995 WL 783628, at *7 ("The court should dismiss *pro se* claims 'which are supported only by vague and conclusory allegations.'") (quoting *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)).

## IV.     Motions to Appoint Counsel

### A.     Legal Standard

For parties who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[38] However, there is no constitutional right to counsel in a civil action.[39]

The Court, in its broad discretion, evaluates multiple factors when deciding whether to request an attorney for an indigent party.[40] In *Castner v. Colorado Springs Cablevision*,[41] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel. The Court's appointment power must be thoughtfully and prudently used so willing counsel may be located,[42] but consideration of the increase in pro se filings and the limited number of attorneys willing to accept pro bono appointment is very important.[43] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel,

---

[38] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[39] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[40] *Jackson*, 2014 WL 494789, at *1.
[41]  *Castner*, 979 F.2d 1417.
[42] *Castner,* 979 F.2d at 1421.
[43] *Jackson,* 2014 WL 494789, at *3.

the court typically requires that a party meet and confer with at least five attorneys regarding the case.[44]

### B. Discussion

The Court has recommended the dismissal of plaintiff's claims and denial of his request to proceed without payment above. Therefore, the first and third prongs of the *Castner* analysis are not satisfied. Additionally, the Court questions plaintiff's diligence in searching for counsel—the second *Castner* factor—because he did not disclose a single attorney with whom he has consulted. Although he is "not required to exhaust the legal directory," he must show "a reasonably diligent effort under the circumstances to obtain counsel."[45] After consideration of the *Castner* factors, plaintiff's motion for appointment of counsel is DENIED.

## V. Conclusion: Orders and Recommendations

For the reasons outlined above, the undersigned U.S. Magistrate Judge issues the following orders and recommendations:

**IT IS ORDERED** that Plaintiff Djuan Preston Williams' Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

**IT IS RECOMMENDED** that Plaintiff Djuan Preston Williams's claims be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[44] *Id.,* at *2.
[45] *Castner,* 979 F.2d at 1422 (internal citations omitted).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**ECF No. 3**) be **DENIED**.

**IT IS ORDERED** that a copy of this recommendation shall also be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[46]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of November, 2020.

                                               s/ Gwynne E. Birzer
                                               GWYNNE E. BIRZER
                                               United States Magistrate Judge

---

[46] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).